Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
Jennifer L. Boulton, CA SBN 259076
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>INSIDEUP, INC., and Does 1-10 Inclusive,<br><br>Defendant(s). | Case No.: **'17CV1961 CAB JMA**<br><br>**COMPLAINT—ADA**<br>• Failure to Engage in the Interactive Process<br>• Failure to Accommodate<br>• Benefits and Privileges of Employment<br>• Termination<br>• Retaliation<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an employment discrimination action brought by Plaintiff United States Equal

Employment Opportunity Commission ("Plaintiff EEOC," EEOC" or the "Commission") under Title I and Title V of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Warren Price ("Charging Party Price" or "Charging Party"). As alleged with greater particularity in Paragraphs 15-22 below, Plaintiff EEOC alleges that Defendant InsideUp, Inc. ("Defendant InsideUp," "Defendant" or "InsideUp"), and Does 1-10 (collectively referred to herein as "Defendants"), failed to engage in the interactive process with Charging Party Price, denied Charging Party Price a reasonable accommodation, denied him privileges and benefits of employment, and subjected him to adverse employment actions on the basis of his disability in violation of Section 102 of the ADA, 42 U.S.C. § 12112, as well as retaliated against Charging Party Price because he engaged in a protected activity in violation of Section 503(a) of the ADA, 42 U.S.C. § 12203(a).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant InsideUp has continuously been doing business in the State of California, the City of San Diego and the jurisdiction of the United States District

Court for the Southern District of California.

5. At all relevant times, Defendant InsideUp has continuously employed fifteen (15) or more persons.

6. At all relevant times, Defendant InsideUp has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

7. At all relevant times, Defendant InsideUp has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

8. Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 10, inclusive (the "Doe Defendants"). Therefore, Plaintiff sues said Doe Defendants by such fictitious names. Plaintiff reserves the right to amend the complaint to name the Doe Defendants as they become known. Plaintiff alleges that each of the Defendants named as Doe Defendants was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when Plaintiff has ascertained the identity of the Doe Defendants.

9. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, alter ego, joint employer, integrated enterprise, agent, employee, successor, or under the direction and control of the others, except as otherwise specifically alleged. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the other Defendants' unlawful acts and omissions alleged in this Complaint. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

**ADMINISTRATIVE PROCEDURES**

10. More than thirty (30) days prior to the institution of this lawsuit, Charging Party

Warren Price filed a charge with the Commission alleging violations of the ADA by Defendant InsideUp.

11. On August 30, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12. The Commission engaged in communications with Defendant InsideUp to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. On September 20, 2017, the Commission issued to Defendant InsideUp a Notice of Failure of Conciliation advising Defendant InsideUp that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. Defendant InsideUp employed Charging Party Price as a marketing consultant from approximately September 2015, to April 2016.

16. During his employment with Defendant InsideUp, Charging Party worked in a two-story office suite which did not have an elevator.

17. During Charging Party's employment with Defendant InsideUp, Charging Party's desk was located on the second floor. To access his desk, Charging Party had to climb stairs.

18. Charging Party Price is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Charging Party Price has an actual impairment, Chronic Obstructive Pulmonary Disease ("COPD")/emphysema/asthma, that substantially limits him in major life activities, including but not limited to breathing. Charging Party Price has a record of such impairment, COPD/emphysema/asthma, that substantially limits him in major life activities, including but not limited to breathing. Defendant InsideUp regarded Charging Party Price as having a disability by subjecting him to an adverse

employment actions, including but not limited to termination, because of an actual or perceived impairment.

19. At all relevant times, Charging Party Price was qualified to perform the essential functions of his job as a marketing consultant for Defendant InsideUp. During his employment as a marketing consultant for Defendant InsideUp, Charging Party received positive reviews regarding his performance as well as an increase in pay.

20. During Charging Party's employment with Defendant InsideUp, Defendant InsideUp had knowledge of Charging Party's impairment (COPD/emphysema/asthma). For example, Charging Party told his direct supervisor Jordan Castellano ("Castellano") about his impairment. In addition, during his employment with Defendant InsideUp, Charging Party parked in the sole handicap parking space directly outside of Defendant InsideUp's office location. Further, employees who worked for Defendant InsideUp observed Charging Party's difficulty climbing the stairs at Defendant's office and Charging Party's need to recover for several minutes at the top of the staircase. In addition, Defendant had knowledge of Charging Party's impairment inasmuch as Charging Party requested an accommodation for his disability and followed up on his request when it was not granted.

21. Since at least 2015, Defendant InsideUp has engaged in unlawful employment practices at its location in San Diego, California, in violation of Sections 102 (a) and (b), 42 U.S.C. § 12112(a) and (b). More specifically, Defendant InsideUp discriminated against Charging Party Price on the basis of disability when Defendant failed to engage in the interactive process, failed to provide him a reasonable accommodation, denied him privileges and benefits of employment, and discharged him due to his disability.

   (a) Beginning in or around October 2015, Charging Party requested a reasonable accommodation from his supervisor Castellano. Specifically, Charging Party requested to work from the ground floor of Defendant's office space, as opposed to the second floor, so that he did not have to climb the office stairs which exacerbated his impairment and, among other things, his ability to breathe. After failing to hear anything back from Castellano,

1  Charging Party followed up with Castellano regarding his request for a
2  reasonable accommodation on at least one occasion. Despite Charging
3  Party's efforts to obtain a reasonable accommodation, and Defendant
4  InsideUp's knowledge of Charging Party's disability, Defendant InsideUp
5  failed to engage in the interactive process and failed to provide the
6  reasonable accommodation Charging Party requested or any other
7  accommodation.
8  (b) Defendant InsideUp's failure to provide Charging Party Price with a
9  reasonable accommodation denied Charging Party Price the privileges and
10  benefits of employment afforded to his non-disabled co-workers. For
11  example, due to Defendant's Inside's Up failure to provide him with the
12  accommodation of working on the ground floor, Charging Party could not
13  take breaks outside or use the restroom and/or kitchen which were located on
14  the ground floor with the frequency of his non-disabled co-workers, because
15  Charging Price would be forced to climb the stairs to return to his desk,
16  thereby putting his health in peril. In addition, as a consequence of
17  Defendant InsideUp's failure to accommodate Charging Party, Charging
18  Party performance was compromised as he needed several minutes to recover
19  once he reached the top of the staircase.
20  (c) After Charging Party requested an accommodation, and followed up with his
21  request for accommodation, Charging Party's new supervisor, Luis Martinez,
22  reduced Charging Party's hours in or around March 2016, and thereafter
23  terminated him in or around April 2016. At the time of his termination,
24  Martinez did not provide Charging Party with a reason for his termination,
25  other than stating that Charging Party was an "at will" employee. Defendant
26  InsideUp now claims that Charging Party was terminated due to his
27  purported poor performance. Charging Party, however, was terminated prior
28  to other non-disabled marketing consultants who performed worse than

Charging Party on certain performance metrics.

22. Defendant further engaged in unlawful employment practices in violation of Section 503(a) of the ADA, 42 U.S.C. § 12203(a), when it retaliated against Charging Party Price by reducing his hours and terminating his employment in retaliation for having engaged in protected activity.

    a. Shortly after Charging Party Price requested an accommodation, and followed up on his request for accommodation, his new supervisor, Martinez, reduced his hours in March 2016 and thereafter terminated him in April 2016.

    b. At the time of his termination, Martinez provided no reason for Charging Party's termination other than stating that Charging Party was an "at will" employee.

    c. Since Charging Party Price filed his Charge, Defendant InsideUp claims that Charging Party was terminated for his poor performance.

    d. Other "at will" employees who neither were disabled nor had requested a reasonable accommodation were not terminated prior to Charging Party, even though they performed worse than Charging Party on some performance metrics.

23. The effect of the practices complained of, as described above, has been to deprive Charging Party Price of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability and/or engagement in a protected activity.

24. The unlawful employment practices complained of in Paragraphs 15 through 22 were intentional and caused Charging Party Price to suffer emotional distress.

25. The unlawful employment practices complained of in Paragraphs 15 through 22 above were done with malice or with reckless indifference to the federally protected rights of Charging Party Price.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

1        A.     Grant a permanent injunction enjoining Defendants, their officers, successors,
2 assigns, and all persons in active concert or participation with them, from engaging in any
3 employment practices which discriminate on the basis of disability and/or retaliate against
4 employees in violation of the ADA.  Order Defendants to institute and carry out policies,
5 practices, and programs to ensure that they would not engage in further unlawful employment
6 practices in violation of Sections 102(a) and (b) of the ADA, 42 U.S.C. § 12112(a) and (b), and
7 Section 503(a) of the ADA, 42 U.S.C. § 12203(a).

8        B.     Order Defendants to make whole Charging Party Price by providing appropriate
9 back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative
10 relief necessary to eradicate the effects of their unlawful employment practices, including but not
11 limited to rightful place reinstatement or front pay.

12        C.     Order Defendants to make whole Charging Party Price by providing
13 compensation for past and future pecuniary losses, including, but not limited to, out-of-pocket
14 expenses suffered by him which resulted from the unlawful employment practices described
15 above in amounts to be determined at trial.

16        D.     Order Defendants to make whole Charging Party Price by providing
17 compensation for past and future non-pecuniary losses resulting from the unlawful practices
18 described above, in amounts to be determined at trial. The non-pecuniary losses include, but are
19 not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of
20 enjoyment of life, in amounts to be determined at trial.

21        E.     Order Defendants to pay Charging Party Price punitive damages for their
22 malicious and/or reckless conduct as described above, in amounts to be determined at trial.

23        F.     Award the Commission its costs of this action.

24        G.     Grant such further relief as the Court deems necessary and proper in the public
25 interest.

26 / / /
27 / / /
28 / / /

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 27, 2017

Respectfully Submitted

JAMES LEE,
Acting General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

By: _____
ANNA Y. PARK,
Regional Attorney

SUE J. NOH,
Supervisory Trial Attorney

RUMDUOL VUONG,
Supervisory Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION